ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **LUIS ROSADO VIANA, ESTHER ORTIZ ROSA y la Sociedad Legal de Gananciales**<br><br>Recurridos<br><br>v.<br><br>**BOSCO CREDIT II TRUST SERIES 2017-1; FRANKLIN CREDIT MANAGEMENT CORPORATION**<br><br>Peticionarios | KLCE202301015 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Civil Núm.: **HU2021CV00053**<br><br>Sobre: Nulidad de Sentencia Incumplimiento deber de buena fe, Daños RESPA |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparecen Bosco Credit II, Trust Series 2017-1 y Franklin Credit Management Corporation (parte peticionaria) y solicitan nuestra intervención, a los fines de que dejemos sin efecto la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI), el 31 de agosto de 2023. Mediante la aludida determinación, el foro primario dio por admitido los hechos incluidos en el requerimiento de admisiones dirigido a la parte peticionaria, al palio de la Regla 33 de Procedimiento Civil, *infra*.

Por los fundamentos expuestos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

Según surge del expediente, el 18 de septiembre de 2007, se incoó contra el señor Luis Rosado Viana, la señora Esther Ortiz Rosa y la Sociedad Legal de Gananciales compuesta por ambos (parte

recurrida) una acción en cobro de dinero y ejecución de hipoteca. El 27 de marzo de 2008, el TPI dictó una *Sentencia,* mediante la cual declaró con lugar la demanda y condenó a la parte recurrida a satisfacer la suma de $653,030.50 de principal, más intereses a razón del 5.75% anual desde el 1 de abril de 2007 hasta su total y completo pago, más la suma de $66,920.00 estipulada para costas y honorarios de abogado.

Luego de múltiples trámites *postsentencia,* el 19 de enero de 2021, la parte recurrida presentó una *Demanda* sobre nulidad de sentencia, incumplimiento del deber de buena fe y daños bajo el *Real Estate Settlement Procedure Act* ("RESPA") contra Bosco Credit II, Trust Series 2017-1 y Franklin Credit Management Corporation. Dentro de los incidentes procesales acaecidos en este pleito se encuentran la presentación ante este Tribunal de los recursos apelativos KLCE202300803 y KLCE202300941.

En lo pertinente al asunto que hoy atendemos, el **25 de julio de 2023**, la parte recurrida le cursó a Bosco Credit II, Trust Series 2017-1 y Franklin Credit Management Corporation un *Primer Pliego de Requerimiento de Admisiones.* El **21 de agosto de 2023**, la parte recurrida presentó ante el tribunal una *Moción Informativa: Admisión Automática del Requerimiento de Admisiones.* Alegó que el término de 20 días para contestar y notificar la contestación al requerimiento de admisiones venció sin recibir contestación de la parte peticionaria. Así, invitó al foro primario que tomara conocimiento de las admisiones automáticas incluidas en dicho documento, conforme lo dispuesto en la Regla 33 de Procedimiento Civil.

El **22 de agosto de 2023**, Bosco Credit II, administrado por Franklin Credit se opuso al petitorio de la parte recurrida y adujo que lo que procedía era convocar una reunión bajo la Regla 34 de Procedimiento Civil. Solicitó al TPI que le concediera una prórroga

hasta el 15 de septiembre de 2023 para contestar lo solicitado. Mediante *Orden* emitida el **24 de agosto de 2023**, el TPI denegó la solicitud de extensión por estar fuera de término.

En desacuerdo, el **30 de agosto de 2023**, Bosco Credit II, administrado por Franklin Credit presentó una moción de reconsideración, pero la misma fue declarada no ha lugar por el Tribunal de Primera Instancia mediante la *Orden* impugnada. En su pronunciamiento, el foro *a quo* expresó lo siguiente:

> Atendido lo dispuesto en la Regla 33 de Procedimiento Civil, nada de lo contenido en el escrito explica o justifica el incumplimiento de la parte en contestar el requerimiento, objetar el mismo oportunamente o solicitar prórroga para cumplir a los fines que nos permita relevar a la parte de las admisiones en el ejercicio de la discreción que la referida norma nos provee.

Inconformes, Bosco Credit II, Trust Series 2017-1 y Franklin Credit Management Corporation comparecen ante nos y alegan que el TPI cometió los siguientes errores:

> Erró el Honorable Tribunal de Instancia al imponer el Requerimiento de Admisiones Resolución del Tribunal de Primera Instancia (sic) que denegó a la parte demandada aquí peticionaria, como sanción excediéndose y trascendiendo el Tribunal de Primera Instancia el ámbito de su discreción.
>
> Erró el Honorable Tribunal de Instancia en su interpretación y aplicación al caso de epígrafe, d ellos criterios y elementos deliberativos dispuestos por la Regla 34 y 37 de Procedimiento Civil para el ejercicio de su discreción.

El 11 de octubre de 2023, la parte recurrida incoó su *Oposición a Escrito de Certiorari*.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera*

*Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

    (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

    4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

B.

Uno de los instrumentos con los que cuentan las partes litigantes para delimitar las controversias del pleito y con ello promover la solución expedita de los procedimientos es el requerimiento de admisiones. *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007)*; Audiovisual Lang v. Sist. Est. Natal Hnos.,* 144 DPR 563, 573-574 (1997). El mismo se encuentra regulado por la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33. Esta dispone lo siguiente:

    (a) Requerimiento de admisión. A los efectos de la acción pendiente únicamente, una parte podrá requerir por

escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento. En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. [...]

[...]

(b) Efecto de la admisión. Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión. Sujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o la enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin ni podrá ser usada contra ella en ningún otro procedimiento.

Según expuesto, la norma impone que la parte interpelada

conteste el requerimiento cursado bajo juramento, admitiendo o

negando lo inquirido, en un término mandatorio de 20 días. De incumplirse con dicho término se tendrá por admitido el requerimiento, relevando así a la parte adversa de tener que presentar prueba en el juicio sobre el particular. *Rivera Prudencio v. Mun. de San Juan,* supra, a las págs. 171 y 174.

En el ejercicio de su discreción el tribunal debe interpretar la regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello. *Audiovisual Lang v. Sist. Est. Natal Hnos.,* supra, págs. 573-574. El tribunal podrá, "[s]ujeto a lo dispuesto en la Regla 37 que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, ... permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa". Regla 33(b) de Procedimiento Civil, *supra.*

Ahora bien, es importante recalcar que las disposiciones de la Regla 33 de Procedimiento Civil son mandatorias, no meramente directivas, lo que implica que debe haber un cumplimiento sustancial con las mismas. No obstante, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Véase, Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1.

**III.**

En la presente causa, analizaremos si, conforme a los hechos del caso de autos, procedía dar por admitido el requerimiento de admisiones que le fue cursado a la parte peticionaria.

En esencia, la parte peticionaria aduce que el Tribunal se equivocó al dar por admitidos los hechos incluidos en el

requerimiento de admisiones por no haberse contestado en el término que dispone la Regla 33 de Procedimiento Civil, *supra*. Alega que dicha actuación fue una sanción irrazonable que tuvo como consecuencia privarle de un debido proceso de ley y de presentar prueba en contrario cuando se ventile el caso en los méritos. Añade que al dejar sin efecto la determinación objetada no se afectaría adversamente la reclamación de la parte recurrida, ni el calendario del caso. Por otro lado, la parte recurrida está de acuerdo con la decisión impugnada por entender que constituyó un ejercicio de discreción adecuado apoyado por las disposiciones procesales y sustantivas aplicables.

Al examinar los argumentos de las partes y el pronunciamiento sujeto a revisión, determinamos no intervenir con la actuación del TPI. En el caso de autos, el requerimiento de admisiones quedó admitido tácitamente bajo el transcurso de tiempo que concede la Regla 33 de Procedimiento Civil, *supra*. La aludida Regla 33 es diáfana al exponer que "[t]odas las cuestiones sobre las cuales se solicite una admisión **se tendrán por admitidas**, **a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación**, **la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia**." Es decir, si la parte a quien se le cursó el requerimiento no cumple con el mencionado término, "**las cuestiones sobre las cuales se solicitó la admisión**, **automáticamente se tendrán por admitidas**". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573. (Énfasis nuestro).

Según el tracto fáctico expuesto, el 25 de julio de 2023, la parte recurrida le envió por correo electrónico a la parte peticionaria

el primer pliego de requerimiento de admisiones. El 27 de julio de 2023, se renotificó el mismo, a través de la representación legal de la parte peticionaria. Transcurrido el término aplicable en nuestro ordenamiento jurídico civil, el 22 de agosto de 2023, la parte peticionaria solicitó prórroga para contestar el requerimiento en cuestión, esto luego de que la parte recurrida solicitara al Tribunal que lo diera por admitido por falta de una contestación oportuna. El tribunal no concedió la prórroga. El 1 de septiembre de 2023, la parte peticionaria finalmente notificó la contestación al requerimiento de admisiones, la cual no fue aceptada por la parte recurrida ante su contestación a destiempo.[2]

Analizado el expediente, aunque se tratan de admisiones tácitas de ciertos hechos, en las cuales los tribunales deben de ejercer especial cuidado, de este no se desprenden las causas que justificaran la tardanza en notificar la contestación al requerimiento de admisiones de la parte peticionaria o la razón por la cual solicitó una extensión inoportunamente. La mencionada Regla 33 de Procedimiento Civil establece un término mandatario de 20 días para admitir o negar un requerimiento de admisiones.

Así las cosas, entendemos que la decisión del TPI fue razonable. Por lo tanto, somos del criterio que el foro primario no erró, ni abusó de su discreción en su determinación, ni en el manejo del caso. La parte peticionaria no ha demostrado que el TPI actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto al emitir la *Orden* impugnada.

Ahora bien, precisa resaltar que la decisión recurrida no dispone del caso de forma automática. Recordemos que nuestro

---

[2] La parte peticionaria notificó la contestación al requerimiento de admisiones el 1 de septiembre de 2023. Ante ello, el 5 de septiembre de 2023, la parte recurrida le envió un correo electrónico en el cual expuso que la contestación fue tardía e inoficiosa y que las materias requeridas en el documento concernido se encontraban admitidas desde el 17 de agosto de 2023, conforme los términos de la Regla 33 de Procedimiento Civil.  Apéndice del recurso, pág. 101.

ordenamiento jurídico favorece que los casos se ventilen en los méritos. Así, el foro *a quo* deberá examinar toda la prueba presentada por ambas partes y resolver de acuerdo con ésta.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.* Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones